THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE JOSEPH DEBE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 8, 1965 after a nonjury trial, convicting him of assault in the second degree with intent to commit the crime of rape, and imposing sentence. Judgment reversed upon the law and indictment dismissed. The findings of fact are affirmed. Defendant was indicted for rape in the first degree (two counts), assault in the second degree with intent to commit the crime of rape, and assault in the second degree. He waived a jury trial and was tried before the court. At the close of the People's case, the rape counts were dismissed, evidently because of the lack of corroboration of complainant's testimony indicating that she had been raped. Defendant rested without offering any evidence and the count charging assault in the second degree was dismissed on the ground that the People had failed to establish beyond a reasonable doubt that grievous bodily harm had been inflicted on complainant. However, the trial court found that the evidence established beyond a reasonable doubt that defendant was guilty of the crime of assault in the second degree with intent to commit the crime of rape. We agree with the finding below that there was insufficient corroboration of complainant's testimony that she had been raped by defendant. Under such circumstances, it is our opinion that *People* v. *English* (16 N Y 2d 719) requires reversal of the judgment convicting defendant of the crime of assault with intent to commit rape and the dismissal of that count of the indictment. Ughetta, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, *People* v. *English* (16 N Y 2d 719) should be confined to cases where the proof as to actual

penetration and rape is adduced and credited. Here the evidence was insufficient to establish actual penetration. Under the circumstances, the crime of assault with intent to commit rape did not require corroboration. If corroboration is required, corroboration of only the crime of assault with intent to commit rape is required and not corroboration of the rape. There is corroboration of the assault (a) in the officer's testimony of admissions by defendant that he roughed up the complainant, and (b) the torn girdle.